**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alger Ivan Aguilera, | No. CV-14-01209-PHX-DGC |
| Petitioner, | **ORDER** |
| v. | |
| Gabriela Samaniego De Lara, | |
| Respondent. | |

Petitioner Alger Aguilera brought this action under the Hague Convention on International Child Abduction (the "Hague Convention") and its enabling statute, the Federal International Child Abduction Remedies Act ("ICARA"), 42 U.S.C. § 11601 *et seq*., requesting that this Court order Respondent Gabriela De Lara to return their child, I.R., to Mexico. On July 15, 2014, the Court granted Petitioner his requested relief and ordered Respondent to return I.R. to Mexico. Doc. 34.

Petitioner has filed a motion for attorneys' fees under 42 U.S.C. § 11607(b)(3), requesting $40,304 in fees and $790.94 in costs. Doc. 37. The motion is fully briefed and no party has requested oral argument. For the reasons that follow, the Court will grant the motion in part, deny it in part, and award Petitioner $790.94.

In accordance with Federal Rule of Civil Procedure 54(d) and Local Rule 54.2, Petitioner has submitted a memorandum discussing his entitlement, eligibility, and the reasonableness of his requested fee award. *Id*. at 1-3. Respondent does not contest Petitioner's entitlement, eligibility, or the reasonableness of Petitioner's requested award.

1    She instead asserts that Petitioner's requested fee award would be inappropriate in this

2    case.  Doc. 38 at 5.

3            Congress has provided that a court "ordering the return of a child" under the

4    Hague Convention shall award "necessary expenses incurred by or on behalf of the

5    petitioner . . . unless respondent establishes that such order would be clearly

6    inappropriate."   42 U.S.C. § 11607(b)(3).   By providing for an award of fees and costs

7    after a finding of wrongful removal or retention of a child, ICARA contemplates the use

8    of such awards to restore a petitioner to the financial position he or she would have been

9    in had there been no removal or retention, as well as to deter violations of the Hague

10   Convention.   *See* Hague International Child Abduction Convention; Text and Legal

11   Analysis, 51 Fed. Reg. 10494-01, 10511 (Mar. 26, 1986).   The respondent bears the

12   burden of establishing that an award of fees and costs would be clearly inappropriate

13   under the circumstances.  *Whallon v. Lynn*, 356 F.3d 138, 140 (1st Cir. 2004).

14           Respondent urges the Court to consider a variety of factors, including:

15   (1) Respondent's financial circumstances, (2) Petitioner's abusive conduct, and

16   (3) Petitioner's failure to financially support I.R. for the last nine years.  Doc. 38 at 1-2.

17   Courts have reduced awards based on a respondent's financial circumstances, *see Rydder*

18   *v. Rydder*, 49 F.3d 369, 373-74 (8th Cir. 1995) (reducing fee award by 46% due to

19   respondent's poor financial condition), *Berendsen v. Nichols*, 938 F. Supp. 737, 739 (D.

20   Kan. 1996) (reducing award by 15% in light of respondent's financial condition and

21   because awarding full fee would unduly limit respondent's ability to support his

22   children), *Willing v. Purtill*, Civ. No. 07-1618-AA, 2008 WL 299073 (D. Or. Jan. 31,

23   2008) (reducing fee award by 15% due to respondent's financial circumstances,

24   particularly his unemployment); a petitioner's acts of family violence, *see Silverman v.*

25   *Silverman*, No. Civ. 00-2274 JRT, 2004 WL 2066778, at *4 (D. Minn. Aug. 26, 2004)

26   (eliminating fee where respondent had no ability to pay, and prevailing petitioner had

27   failed to support children financially in the past, and had been physically and mentally

28   abusive to respondent); and a petitioner's failure to pay child support, *Whallon*, 356 F.3d

1    at 141 (finding that the failure of the petitioner to pay child support is an appropriate

2    consideration in assessing fees).

3           Evidence presented at the hearing in this case suggested that Petitioner was on

4    occasion violent, including towards Respondent, and that he was unfaithful and unwilling

5    to provide regular financial support for I.R.   Respondent has also provided a sworn

6    affidavit stating that she is I.R.'s primary care taker and is unemployed.  Doc. 38-1 at 2-3.

7           The Court will not award attorneys' fees in this case.  Respondent has little ability

8    to pay such fees and remains responsible for the care of I.R.  Petitioner stated during the

9    hearing that he does not seek custody of I.R. and believes she should remain in the

10   custody of Respondent.  In addition, because Petitioner's counsel generously handled this

11   case on a *pro bono* basis, he has not incurred fees that have created a financial hardship

12   for him.  Doc. 37 at 3; Doc. 37-1 at 9.  The Court will, however, award Petitioner's out-

13   of-pocket expenses of $790.94.[1]

14          **IT IS ORDERED**:

15          1.     Petitioner's motion for attorneys' fees (Doc. 37) is **granted in part** and

16                 **denied in part**.

17          2.     Petitioner is awarded **$790.94** pursuant to 42 U.S.C. § 11607(3).

18          Dated this 25th day of August, 2014.

19

20

21

22                                          David G. Campbell
                                            United States District Judge

23

24          [1] The fact that Petitioner's lawyers provided their services *pro bono* does not make
     a fee award inappropriate.  *Cuellar v. Joyce*, 603 F.3d 1142, 1143 (9th Cir. 2010).  It
25   does, however, assuage any concerns that an award of fees is necessary to restore
     Petitioner to the financial position he would have been in had there been no removal.  *See*
26   Hague International Child Abduction Convention; Text and Legal Analysis, 51 Fed. Reg.
     10494-01, 10511 (Mar. 26, 1986).  And unlike *Cuellar*, this case involved no "dogged
27   refusal to give up custody . . . as required by the Hague Convention," or "litigation tactics
     . . . largely intended to manipulate judicial process for the purpose of delay," and
28   Petitioner does not live in abject poverty such that *pro bono* representation is the only
     viable option to vindicate his parental rights.  603 F.3d at 1143.